IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:23-CR-7-O

DALLAS WHITE (01)

## **PLEA AGREEMENT WITH WAIVER OF APPEAL**

Dallas White ("Defendant"); Michael Lehmann, Defendant's attorney; and the

United States of America ("Government"), agree as follows:

1.  **Rights of Defendant**: Defendant understands that Defendant has the right

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have Defendant's guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in
         Defendant's defense; and

    e.   against compelled self-incrimination.

2.  **Waiver of Rights and Plea of Guilty**: Defendant waives these rights and

pleads guilty to the offenses alleged in Count 2 of the indictment, that is, ~~Felon in~~ Possession with intent to distribute

~~Possession of a Firearm~~, in violation of ~~18 U.S.C. §§ 922(g)(1)~~ and ~~924(a)(8)~~. 21 USC §§ 841(a)(1)  (b)(1)(B) Defendant

understands the nature and elements of the crimes to which he is pleading guilty, and

agrees that the factual resume he has signed is true and will be submitted as evidence.

3.  **Sentence**: The maximum penalties the Court can impose include:

Plea Agreement–Page 1



a. imprisonment for a period not ~~to exceed 15 years;~~ LESS THAN 5 YEARS NOR MORE THAN 40.

b. a fine not to exceed ~~$250,000,~~ $5,000,000 or both a fine and imprisonment;

c. a term of supervised release not ~~to exceed 5~~ LESS THAN 4 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

d. a mandatory special assessment of $100;

e. forfeiture; and

f. costs of incarceration and supervision.

4. **Court's Sentencing Discretion and Role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the Court's discretion.

5. **Mandatory special assessment**: Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessments in this case.

6. **Forfeiture of property**: Defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United

**Plea Agreement–Page 2**

States of any property noted as subject to forfeiture, or seized or restrained by law

enforcement officers during the investigation underlying this indictment or information.

Defendant agrees that forfeiture includes the following firearms, ammunition, and firearm

parts:

      A.     CBC Mod C556 Cal Multi 300 blackout rifle bearing serial number

               CBC-AO1133;

      B.     Glock Model 23, .40 caliber pistol

      C.     Three sears designed and intended for use in converting a weapon

               into a machinegun

      D.     .40 caliber; .223 caliber; .357 caliber; .300 caliber; and 5.7mm

               ammunition.

Defendant consents to entry of any orders or declarations of forfeiture regarding all such

property and waives any applicable statutes of limitation, and any requirements

(including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983,

and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal

Rules of Criminal Procedure. Defendant agrees to provide truthful information and

evidence necessary for the government to forfeit such property. Defendant agrees to hold

the government, its officers, agents, and employees harmless from any claims whatsoever

in connection with the seizure, forfeiture, storage, or disposal of such property.

      7.     **Defendant's cooperation with financial investigation**: In order to assist

in the collection of fines and restitution, Defendant shall, upon demand, submit a personal

financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.    **Government's Agreement**: The Government will not bring any additional charges against Defendant based upon the conduct in the Northern District of Texas underlying and related to the Defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts in the charging instrument other than those to which Defendant is pleading guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9.     **Violation of Agreement**: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives objection to the use against Defendant of any information or statements Defendant has provided to the Government, and any resulting leads.

10.     **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. Defendant further waives Defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing,

Plea Agreement–Page 5

(b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.     **Representation of Counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with that attorney's legal representation. Defendant has received from Defendant's attorney explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's attorney, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.    **Entirety of Agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

AGREED TO AND SIGNED this $\underline{16}$ day of $\underline{March}$, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

DALLAS WHITE
Defendant

MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
matthew.weybrecht@usdoj.gov

MICHAEL LEHMANN
Attorney for Defendant

ALEX LEWIS
Deputy Criminal Chief

**Plea Agreement–Page 7**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

DALLAS WHITE
Defendant

3/16/23

Date

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

MICHAEL LEHMANN
Attorney for Defendant

3/16/23

Date

**Plea Agreement–Page 8**